943 So.2d 1153 (2006)
Mark BANKS
v.
CITY PARISH OF EAST BATON ROUGE and Louisiana Workers' Compensation Corporation.
No. 2005 CA 1825.
Court of Appeal of Louisiana, First Circuit.
September 15, 2006.
Rehearing Denied October 19, 2006.
Otha Curtis Nelson, Sr., Baton Rouge, Counsel for Plaintiff/Appellant Mark Banks.
Debra Talbot Parker, Baton Rouge, Counsel for Defendants/Appellees City Parish of East Baton Rouge and Louisiana Workers' Compensation Corporation.
Before: CARTER, C.J., WHIPPLE and MCDONALD, JJ.
McDONALD, J.
Claimant, Mark Banks, filed a disputed claim for compensation with the Office of Workers' Compensation Administration, asserting that he was working at a job site for the East Baton Rouge City Parish Community Development Department in Baton Rouge on December 14, 1999, when a wheelbarrow fell from a dump truck onto his head, causing injury. Claimant asserted that his wage benefits were terminated or reduced on September 10, 2001, that he was disabled and was seeking penalties and attorneys fees, and that the employer had failed to timely provide a written report of a medical examination.
The East Baton Rouge City Parish and Louisiana Workers' Compensation Corporation (defendants) answered the petition, asserting that they had paid $18,976.25 in indemnity benefits and $23,314.29 in medical benefits to and on behalf of the claimant; that claimant's average weekly wage and compensation rate would be supplemented prior to trial; and that claimant was not currently temporarily disabled, permanently disabled or suffering from a loss of earning capacity. In the alternative, the defendants asserted all rights to *1154 reduce benefits and all rights toward any credits or offsets.
After a hearing on the merits, the workers' compensation judge ruled that the claimant proved by a preponderance of the evidence that an accident occurred as defined by La. R.S. 23:1021; that the termination of indemnity benefits on September 10, 2001 was proper and was reasonably controverted; that the claimant did not prove entitlement to any future indemnity benefits; that while defendants should have paid for ongoing medical treatment for Dr. Tyrone Girod and Dr. Burl Forgey, their failure to do so was reasonably controverted; that no penalties or attorneys fees were owed as a result of failure to pay for ongoing medical treatment by Dr. Girod and/or Dr. Forgey; that defendants were required to reimburse claimant's attorney the sum of $552.00 for medical services to Dr. Girod and $380.00 to Dr. Forgey; that defendants were entitled to an offset from any monies paid by Blue Cross through June of 2003 and were not required to reimburse Blue Cross for those monies paid for by Blue Cross; that the defendants' La. R.S. 23:1102 defense was denied; that the claimant made misrepresentations at trial and before trial for the willful purpose of obtaining workers' compensation benefits as and as a result, pursuant to La. R.S. 23:1208, the claimant's benefits were forfeited as of January 26, 2004, the first day of the trial; that the court costs for expert fees due to Dr. Tyrone Girod and Dr. Forgey were to be paid by the defendants; that legal interest was awarded in accordance with the law; that the claimant's claim for workers' compensation benefits was dismissed with prejudice; and that claimant's post-judgment request for out-of-pocket expenses, such as mileage reimbursements and co-pays, was denied.
In making his ruling, the workers' compensation judge orally cited extensive reasons noting that the claimant was "willing to say and do anything for the continuation of benefits," and that he gave "vague answers which basically amount[ed] to misrepresentations or don't remember, don't recall" at trial. The workers' compensation judge further found that "[t]here's a panoply of evidence backing up the exaggeration of his symptoms and the malingering diagnosis." Claimant is appealing the judgment and makes numerous assignments of error. After a thorough review of the record, we find no manifest error in the factual determinations of the workers' compensation judge or legal error in the judgment of dismissal. We affirm the trial court judgment in accordance with the Uniform Rules-Courts of Appeal, Rule 2-16.1. B. Costs are assessed against claimant, Mr. Banks.
AFFIRMED.